UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHNSON, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:24-cv-02737-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>ECF Nos. 1 & 2 |

　　　　Plaintiff, a state inmate, brings this § 1983 action against correctional officer Johnson and CDCR. ECF No. 1. Plaintiff's application to proceed *in forma pauperis* makes the required showing and will be granted. Plaintiff's complaint, however, fails to state a claim and will be dismissed with leave to amend.

**Screening and Pleading Requirements**

　　　　A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

　　　　A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

1  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
2  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
3  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
4  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
5  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
6  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
7  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
8  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
9  n.2 (9th Cir. 2006) (en banc) (citations omitted).

10  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
11  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
12  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
13  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
14  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
15  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
16  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

18  The complaint alleges in its entirety that "CDCR violated [plaintiff's] rights by not
19  keeping the lawsuit contract rules # 1.  The $5,000 payment settlement agreement.  CDCR
20  misappropriation of funds, false statements, failure to pay, breach of contract, pain and suffering,
21  due to not having settlement, hunger issues."[1]  ECF No. 1 at 3.

22  The complaint's allegations are sparse and insufficient to notify defendants of the specific
23  claim plaintiff is attempting to allege.  Plaintiff has not alleged any specific injury caused by
24  defendants that can be redressed here.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th

---

[1] The court understands that plaintiff may be attempting to allege a claim about not receiving settlement funds from a prior case.  In the action *Sanchez v. Johnson*, 2:22-cv-00537-JDP, plaintiff and defendants (including a defendant W. Johnson) filed a voluntary notice of dismissal on December 21, 2023 at ECF No. 41.  However, it appears that the parties negotiated a settlement without court intervention.

1  Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which
2  defendants engaged in that support the plaintiff's claim."). Accordingly, plaintiff's complaint is
3  dismissed for failure to state a claim.
4        Plaintiff may file an amended complaint. He is advised that the amended complaint will
5  supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir.
6  2012) (en banc). This means that the amended complaint will need to be complete on its face
7  without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
8  complaint is filed, the current complaint no longer serves any function. Therefore, in an amended
9  complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
10 defendant's involvement in sufficient detail. The amended complaint should be titled "First
11 Amended Complaint" and refer to the appropriate case number.
12       Accordingly, it is ORDERED that:
13       1. Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, is granted.
14       2. Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.
15       3. Plaintiff may file an amended complaint within thirty days.
16       4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   October 18, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE