UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHNSON, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:24-cv-2737-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

　　　　On October 18, 2024, I screened plaintiff's complaint and notified him that it did not state a claim. ECF No. 5. I ordered him to file, within thirty days, an amended complaint. *Id.* On December 12, 2024, I granted plaintiff's request for an additional thirty days to file an amended complaint. ECF No. 10. Plaintiff failed to timely file an amended complaint or otherwise to respond to the court order. Therefore, on February 14, 2025, I ordered plaintiff to show cause why this action should not be dismissed for his failure to prosecute, failure to comply with court orders, and failure to state a claim. ECF No. 11. I notified plaintiff that if he wished to continue with this lawsuit, he must file an amended complaint. I also warned plaintiff that failure to comply with the February 14, 2025 order would result in a recommendation that this action be dismissed. *Id*. The deadline for plaintiff to file an amended complaint and response to the order to show cause has passed without word from plaintiff.

　　　　The court has the inherent power to control its docket and may, in the exercise of that

1

1  power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*,
2  216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to
3  comply with these Rules or with any order of the Court may be grounds for imposition by the
4  Court of any and all sanctions . . . within the inherent power of the Court.").

5        A court may dismiss an action based on a party's failure to prosecute an action, failure to
6  obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
7  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
8  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
9  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
10  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
11  *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
12  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
13  prosecution and failure to comply with local rules).

14        In recommending that this action be dismissed for failure to comply with court orders, I
15  have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's
16  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
17  favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
18  *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

19        Here, plaintiff has failed to respond to court orders directing him to file an amended
20  complaint. *See* ECF Nos. 10 & 11. Therefore, the public interest in expeditious resolution of
21  litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all
22  support imposition of the sanction of dismissal. Lastly, the court's warning to plaintiff that
23  failure to obey court orders will result in dismissal satisfies the "considerations of the
24  alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779
25  F.2d at 1424. The February 14, 2025 order expressly warned plaintiff that his failure to comply
26  with court orders would result in dismissal. ECF No. 11. Plaintiff had adequate warning that
27  dismissal could result from his noncompliance. Accordingly, I find that the balance of factors
28  weighs in favor of dismissal.

Accordingly, it is hereby ORDERED that the Clerk of Court assign a district judge to this matter.

Further, it is hereby RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to prosecute, failure to comply with court orders, and failure to state a claim for the reasons set forth in the February 14, 2025 order. *See* ECF No. 11.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 18, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3